the annual amount of the taxes "shall be and remain a lien upon all lands and other real estate, and all slaves of the individuals who may be assessed for the same, during two years after the time it shall annually become due and payable; and the said lien shall extend to each and every part of all tracts or lots of land, or dwelling-houses, notwithstanding the same may have been divided or alienated in part;" and by the 27th and 28th sections, the lands may be sold if the tax be not paid in one year after notification. The sale for the county tax was made under the act of congress of March 3, 1801, § 4 (2 Stat. 115), which gives the levy court the same power and means to collect taxes which, by the laws of Maryland then in force, were given to the levy courts, or county commissioners, in Maryland. By the Maryland law of 1797, c. 90, so much of the lands charged for the payment of county taxes may be sold by the collector as may be sufficient to discharge the taxes due thereon, if he can find no personal property in the county liable for the same. Neither the act of congress nor the act of Maryland says that the purchaser shall hold the property free from all incumbrance. He would acquire, one would think, nothing more than the right of the United States and of their debtor. The act of congress says that the tax shall be a lien on the lands of the individual who may be assessed for the same; and no land is liable to be sold but the land upon which the tax is a lien. The land of A. cannot be sold if assessed to B. If it be sold as B.'s land, nothing but B.'s title passes. So in Maryland, the land cannot be sold if personal property of the person, in whose name the land is assessed, can be found in the county. If no such personal property be found, then the land is sold as the land of the person in whose name it is assessed; and nothing but his title passes by the sale.

But the case of a widow whose dower has never been assigned is still stronger. No act of the husband or of his heirs could deprive her of her right; yet she has no estate in the land until actual assignment of her dower. Jackson v. Vanderheyden, 17 Johns. 167. It is an incumbrance upon the land into whose hands soever it may pass, but she is not seized, and has no right to enter. If land be sold under a decree in chancery in a case in which the widow is not a party, or under a judgment against the husband, the purchaser takes it with its incumbrance. It would, otherwise, be in the power of the husband or his heirs to deprive the widow of her dower by suffering a judgment, or a sale for taxes, to take effect. Caveat emptor is the rule in both cases. Before assignment of dower, the widow has no right to pay the taxes, or to redeem. She looks to the tenant of the freehold, whoever he may be, and he is bound to pay the taxes until he assigns her dower. The defendant, in the present case, purchased the property under the de-

cree of this court, subject to the plaintiff's right of dower. He was bound to pay the tax. He can gain no new or better title, as against the plaintiff, by suffering the land to be sold for taxes, and buying it himself.

---

## Case No. 1,554.

### BLODGET v. THORNTON.

[3 Cranch, C. C. 176.] [1]

Circuit Court, District of Columbia. May Term, 1827.

DOWER—MARRIAGE—EVIDENCE—COHABITATION.

Upon a writ of dower, the marriage may be proved by parol evidence of cohabitation as man and wife.

Writ of dower. Verdict for the plaintiff [Rebecca Blodget], subject to the opinion of the court, whether parol evidence of cohabitation as man and wife, is sufficient to prove the marriage.

C. C. Lee, for the defendant [William Thornton], contended that the marriage can only be proved by the certificate of the bishop, or of the clergyman who married them. The following authorities were cited by Mr. Lee: Jackson v. Claw, 18 Johns. 346; William v. Gwyn, 2 Saund. 45; 1 Phil. Ev. 262; Starkie, Ev. 939; Birt v. Barlow, 1 Doug. 172; Morris v. Miller, 1 W. Bl. 632.

R. S. Coxe, contra, cited Birt v. Barlow, 1 Doug. 172; Morris v. Miller, 4 Burrows, 2058; Bayard's Peake, Ev. 88. See, also, Woodf. Landl. & Ten. 402; Henry St. George Tucker's notes to 1 Bl. Comm. 440, note 3.

THE COURT (MORSELL, Circuit Judge, absent), ordered the judgment to be entered for the plaintiff.

[NOTE. For subsequent proceedings by the plaintiff, see Blodget v. Brent, Case No. 1,553.]

---

BLODGET (WILSON v.). See Case No. 17,-792.

---

## Case No. 1,555.

### In re BLODGETT et al.

[10 N. B. R. (1874) 145.] [2]

District Court, E. D. Michigan.

BANKRUPTCY—PARTNERSHIP—EXEMPTION.

1. An adjudication of bankruptcy against a copartnership operates in all cases as a dissolution, and thereafter it ceases to exist; hence, there being no firm in existence to receive the exemption allowed by the bankrupt law, nothing could be set apart as exempt property to the bankrupts as a firm.

[Cited in Re Melvin, Case No. 9,406; Re Corbett, Id. 3,220.]

2. Under the statutes of Michigan, the individual members of a firm are not entitled to a

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted by permission.]